UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FROILAN GRUESO CARDENAS,

v.  Case No.  8:04-cr-141-T-24MAP
             8:06-cv-589-T-24MAP

UNITED STATES OF AMERICA.

_____/

**<u>ORDER</u>**

On March 29, 2006, Defendant Froilan Grueso Cardenas (Cardenas) signed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-123).

BACKGROUND

On June 9, 2004, Cardenas pled guilty to count one of the Indictment. Count one charged Cardenas with possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to jurisdiction of the United States, "in violation of 46 Appendix, U.S.C. §§ 1903(a) and 1903(g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii)." (Doc. cr-1 [Indictment]; cr-68 [Judgment]).

On September 9, 2004, the Court sentenced Cardenas to 240 months incarceration as to count one. Count two was dismissed on the oral motion of the Government. The undersigned district court judge signed the judgment on that day. Cardenas did not appeal the conviction or sentence.

DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

### Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. Cardenas' conviction became final on September 19, 2004, when the time for filing a direct appeal had passed; thus, he had until September 20, 2005, to file a timely section 2255 motion. See Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires). Cardenas did not sign his motion to vacate

until March 2006, and the motion to vacate is time-barred.

Cardenas filed an exhibit in support of the motion to vacate. The author of the exhibit, a Spanish-speaking federal inmate who alleges that he prepared the motion to vacate for Cardenas after he [the inmate] waited nine months to receive information about Cardenas' case, contends that Cardenas' intellectual capacities are limited because he had only three years of schooling and that Cardenas always wanted to please. None of the factors described in the exhibit demonstrate exceptional circumstances that warrant equitable tolling.

Accordingly, the court orders:

That Cardenas' motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-123) is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Cardenas in the civil case and to close that case.

ORDERED at Tampa, Florida, on April 17, 2006.

SUSAN C. BUCKLEW
United States District Judge

AUSA: Christopher P. Tuite

Pro se: Froilan Grueso Cardenas